USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/4/08

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

APR - 3 2008

**BENJAMIN E. STOCKMAN**
*Assistant Corporation Counsel*
(212) 788-1177
(212) 788-9776 (fax)
bstockma@law.nyc.gov

April 2, 2008

**MEMO ENDORSED**

**BY FAX**
Honorable Debra C. Freeman
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

SO ORDERED:    DATE: 4/3/08

_____
**DEBRA FREEMAN**
**UNITED STATES MAGISTRATE JUDGE**

Re:    Michael "Mohammad" Pullum v. City of New York, et al.
       08 Civ. 105 (KPC)(DCF)

Your Honor:

I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendant City of New York in the above-referenced matter. Defendant respectfully requests that its time to respond to the complaint in this action be extended sixty days, from April 3, 2008 until June 2, 2008.[1] I have attempted to contact plaintiff at the two phone numbers provided in the complaint for his consent to this enlargement. One of the numbers was disconnected and the other had a voice mail

---

[1] On information and belief, defendant police officers Ramirez, Davis, Tejada, and Grant have been served with process in this matter. In addition, the Court's docket sheet indicates that defendants Gunn and Purdie also have been served. There is no indication whether defendant New York City Police Officers Pena, O'Neal and Walker have been served with process in this matter, as a review of the docket sheet does not reflect service on these individuals, and we have not yet received requests for representation from them. Without appearing or making any representations as to the adequacy of process or otherwise on these individuals' behalf, it is respectfully requested that the same extension be granted to them in order to ensure that their defenses are not jeopardized while representational issues are being decided. The docket sheet also indicates that an individual named "Montgomery" was served, although no such individual is named as a defendant in the complaint.

4-4-08
Judge Freeman

MEMO ENDORSED

message with a female voice. I left a message for plaintiff at that number two days ago, but he has not yet returned my call. Therefore, this request is made directly to the Court.

Plaintiff Michael Pullum alleges that on nine separate occasions from January, 2005, to the present, he was falsely arrested and/or issued a summons by New York City Police Officers, and maliciously prosecuted for violations of various laws related to street vending including, *inter alia*, unlicensed vending, vending without a New York Tax Stamp, obstructing pedestrian traffic, failing to disperse, resisting arrest and disorderly conduct. On one such occasion, plaintiff also claims that the police failed to return his vouchered property upon release. Plaintiff also claims that on a tenth occasion on November 25, 2006, defendant Ramirez directed racial slurs at plaintiff and illegally confiscated plaintiff's property. Plaintiff claims that the charges brought against him for each of these arrests were dismissed.

There are several reasons for seeking an enlargement of time in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. In this case, plaintiff Michael Pullum alleges that he was falsely arrested and maliciously prosecuted on nine separate occasions, and had his property rights violated on two occasions. Accordingly, it is necessary for our office to acquire as much information as possible concerning this matter in order to properly assess the case and respond to the complaint. As plaintiff alleges that all of the criminal charges against him were dismissed, all of the records associated with his arrests would be sealed pursuant to N.Y. C.P.L. § 160.50. Currently, this office is in the process of forwarding to plaintiff a consent and authorization for records that may have been sealed pursuant to N.Y. C.P.L. §160.50. This executed release is necessary for our office to obtain the District Attorney, Criminal Court and police records pertaining to plaintiff's underlying arrests and/or prosecutions.

Further, assuming plaintiff effected proper service on the individually-named defendants, the extension should allow time for this office to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent these individuals. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

No previous request for an extension has been made in this action. Accordingly, we respectfully request that defendants' time to respond to the complaint be extended until June 2, 2008.

I thank the Court for its time and consideration of this request.

Respectfully submitted,

Benjamin Stockman
Assistant Corporation Counsel
Special Federal Litigation Division

2

cc:    Michael Pullum, Plaintiff *pro se*,
       1135 Eastern Pkwy
       Brooklyn, NY 11237  (By First Class Mail)

3