

| | | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **BENJAMIN E. STOCKMAN**<br>*Assistant Corporation Counsel*<br>(212) 788-1177<br>(212) 788-9776 (fax)<br>bstockma@law.nyc.gov |

May 28, 2008

**BY HAND**
Honorable Debra C. Freeman
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**MEMO ENDORSED**

Re:   Michael "Mohammad" Pullum v. City of New York, et al.
      08 Civ. 105 (PKC)(DCF)

Your Honor:

      I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendant City of New York in the above-referenced matter, in which the Court previously granted the City an extension until June 2, 2008, to respond to the complaint. Defendant respectfully submits that a further extension is necessary owing to factors, detailed herein, which have prevented our office from properly investigating plaintiff's claims and thus satisfying our obligations under Rule 11 of the Federal Rules of Civil Procedure.

      As the Court may recall, plaintiff's complaint alleges that he was falsely arrested and maliciously prosecuted on ten separate occasions. As plaintiff alleges that all the criminal charges brought against him were dismissed, all records concerning plaintiff's various arrests and prosecutions would have been sealed pursuant to New York Criminal Procedure Law § 160.50. Thus, in order for us to obtain any information associated with this case, plaintiff must first provide our office with a consent and authorization for the release of these records. Initially, defendant sent two separate written requests for the release to plaintiff but did not receive any response. Upon receiving no response, defendant contacted plaintiff by telephone and provided plaintiff with the releases by hand on May 27, 2008, which plaintiff said he would sign, notarize and return shortly. Therefore, defendant respectfully requests that plaintiff be directed to return the executed releases by June 11, 2008 and that defendant's time to respond to the complaint be

*If plaintiff has not already returned the executed releases, he should do so immediately. Defendants' time to respond to the complaint is extended to July 31, 2008.*

SO ORDERED:   DATE: 6/6/08

**DEBRA FREEMAN**
UNITED STATES MAGISTRATE JUDGE

extended until 30 days after receipt of the unsealing releases.[1] Plaintiff does not consent to this request because he believes that this office already has had sufficient time to investigate the allegations in his complaint.

                I thank the Court for its time and consideration of these requests.

                                          Respectfully submitted,

                                          Benjamin E. Stockman
                                          Assistant Corporation Counsel
                                          Special Federal Litigation Division

cc:    Michael Pullum, plaintiff *pro se*
        1135 Eastern Pkwy.
        Brooklyn, NY 11237 (Via First Class Mail)

---

[1] On information and belief, defendant police officers Ramirez, Davis, Tejada, and Grant have been served with process in this matter. In addition, the Court's docket sheet indicates that defendants Gunn, Purdie, and Pena also have been served. There is no indication whether defendant New York City Police Officer O'Neal has been served with process in this matter, as a review of the docket sheet does not reflect service on him, and we have not yet received a request for representation from him. Moreover, a review of the docket sheet indicates that defendant Walker has not yet been served in this matter. Without appearing or making any representations as to the adequacy of process or otherwise on these individuals' behalf, it is respectfully requested that the same extension be granted to them in order to ensure that their defenses are not jeopardized while representational issues are being decided. The docket sheet also indicates that an individual named "Montgomery" was served, although no such individual is named as a defendant in the complaint.